807 F.2d 175
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin Abdullah EL-AMIN, A.K.A. Melvin Williams, Appellant,
v.
Mrs. Norma GLUCKSTERN, Director, Patuxent Institution;
Officer S.D. Warner; Capt. W. Horney; Dr. John Farrell;
Mr. Wallace Shattuck; Ralph Packard, Superintendent of
Patuxent Institution, Appellees.
 No. 86-7016.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 15, 1986.
Decided Dec. 10, 1986.
 
 Before RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 Melvin Abdullah El-Amin, appellant pro se.
 Glenn W. Bell, Assistant Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Melvin Abdullah El-Amin appeals the judgment of the district court entered in favor of all defendants on El-Amin's claim that his privacy rights were violated during his confinement at the Patuxent Institution in late 1981. El-Amin claimed that female officer Sheila Warner touched his genitals during a frisk search, that she entered the shower room while he was showering, and that she gave him an infraction ticket for refusing to remove a piece of paper that blocked his cell window while he was using the toilet. El-Amin also charged Patuxent officials with violating his constitutional rights by failing to train and assign female guards in a manner that would protect his right to privacy.
 
 
 2
 The district court conditionally certified a class action on El-Amin's challenges to the action or inaction of Patuxent officials in protecting inmate privacy, but these claims were for the most part rendered moot by injunctive relief granted in another suit. Kamka v. Maryland Commission on Human Relations, C/A No. Y-80-3161 (D.Md. Apr. 17, 1986). After a three-day trial, the district court entered findings and conclusions in favor of all defendants. Specifically, the court found that Warner had not intentionally touched the genital area in frisk searching El-Amin and that institutional policy prohibited any intentional touching. The court also found that Warner did not enter the shower room and view El-Amin as he claimed, and that although inadvertent viewing of showering inmates may have occurred in isolated instances, the measures adopted by Patuxent officials were not so inadequate as to constitute a failure properly to supervise or conduct the affairs of the institution. Finally, the court found that a guard could not view an inmate using the toilet unless the guard came right up to the cell window, and that while covering oneself with a towel would be an appropriate means of protecting one's privacy, covering the cell window created an unacceptable security risk and was not protected behavior.
 
 
 3
 On appeal, El-Amin takes issue with the district court's findings and conclusions regarding cell and shower privacy. Our review of the district court's factual findings is conducted under a clearing erroneous standard, and this standard applies not only to credibility determinations but also to findings based on physical evidence or inferences from other facts. Anderson v. City of Bessemer City, --- U.S. ----, 53 U.S.L.W. 4314, 4316, (Mar. 19, 1985). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 4
 Having reviewed the record, including a tape of the evidence presented at trial, we cannot say that the district court's findings were clearly erroneous. The evidence presented by the defendants supports the district court's findings that the showering and frisk search incidents complained of by El-Amin did not occur as he had alleged, and these findings properly led the district court to conclude that El'Amin's constitutional rights had not been violated. Whether viewing by female officers of inmates showering or using the toilet occurred so frequently that Patuxent officials should be chargeable with violating inmate privacy rights is also to a large extent a question of fact. The district court found that although the measures taken by Patuxent officials could have been improved upon--improvement that will now be effectuated by virtue of the injunctive relief consented to by the defendants in Kamka--the measures were not so inadequate as to violate constitutional standards. We perceive no error in the district court's findings or in its application of the law to the facts found. Nor do we find any error in the district court's conclusion that the defendants did not violate El-Amin's constitutional rights by punishing him for covering his cell window.
 
 
 5
 We accordingly affirm the judgment of the district court. Due to the availability of tapes of the trial, we deny preparation of a transcript at government expense. We dispense with oral argument and decline to appoint counsel because the facts and applicable law are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.